| STATE OF NORTH CAROLINA | | | File No. 21 CVS 7253 | |
|---|---|---|---|---|
| Mecklenburg County | | FILED | In The General Court Of Justice ☐ District ☒ Superior Court Division | |
| *Name And Address Of Plaintiff 1* Stephanie C. Wood C/o: The Olive Law Firm, P.A. P.O. Box 31515 Charlotte NC 28231 | | 2021 MAY -6 P 1:16 MECKLENBURG CO., C.S.C. | **GENERAL CIVIL ACTION COVER SHEET** | |
| *Name And Address Of Plaintiff 2* | | BY_____ | ☒ INITIAL FILING  ☐ SUBSEQUENT FILING | |
| | | | Rule 5(b) of the General Rules of Practice for the Superior and District Courts | |
| **VERSUS** | | | *Name And Address Of Attorney Or Party, If Not Represented (complete for initial appearance or change of address)* Lee Olive, Esq. The Olive Law Firm P.O. Box 31515 Charlotte NC 28231 | |
| *Name And Address Of Defendant 1* Aaron Kent, III 1990 Resting Creek Drive Decatur GA 30035 | | | | |
| *Summons Submitted* ☒ Yes ☐ No | | | *Telephone No.* 704-377-9222 | *Cellular Telephone No.* |
| | | | *NC Attorney Bar No.* 16979 | *Attorney Email Address* leeolive@olivelawfirm.com |
| *Name And Address Of Defendant 2* Western Express, Inc. C/o Agent for Service: Roland M. Lowell 7135 Centennial Place Nashville TN 37209 | | | ☒ Initial Appearance in Case ☐ Change of Address | |
| | | | *Name Of Firm* The Olive Law Firm | *Fax No.* 704-377-0259 |
| *Summons Submitted* ☒ Yes ☐ No | | | *Counsel For* ☒ All Plaintiffs ☐ All Defendants ☐ Only: *(list party(ies) represented)* | |
| ☐ Jury Demanded In Pleading | | | ☐ Complex Litigation ☐ Stipulate to Arbitration | |
| **TYPE OF PLEADING** | | | | |
| *(check all that apply)* ☐ Amend (AMND) ☐ Amended Answer/Reply (AMND-Response) ☐ Amended Complaint (AMND) ☐ Assess Costs (COST) ☐ Answer/Reply (ANSW-Response) *(see Note)* ☐ Change Venue (CHVN) ☒ Complaint (COMP) ☐ Confession Of Judgment (CNFJ) ☐ Consent Order (CONS) ☐ Consolidate (CNSL) ☐ Contempt (CNTP) ☐ Continue (CNTN) ☐ Compel (CMPL) ☐ Counterclaim (CTCL) *Assess Court Costs* ☐ Crossclaim *(list on back)* (CRSS) *Assess Court Costs* ☐ Dismiss (DISM) *Assess Court Costs* ☐ Exempt/Waive Mediation (EXMD) ☐ Extend Statute Of Limitations, Rule 9 (ESOL) ☐ Extend Time For Complaint (EXCO) ☐ Failure To Join Necessary Party (FJNP) | | | ☐ Failure To State A Claim (FASC) ☐ Implementation Of Wage Withholding In Non-IV-D Cases (OTHR) ☐ Improper Venue/Division (IMVN) ☐ Including Attorney's Fees (ATTY) ☐ Intervene (INTR) ☐ Interplead (OTHR) ☐ Lack Of Jurisdiction (Person) (LJPN) ☐ Lack Of Jurisdiction (Subject Matter) (LJSM) ☐ Modification Of Child Support In IV-D Actions (MSUP) ☐ Notice Of Dismissal With Or Without Prejudice (VOLD) ☐ Petition To Sue As Indigent (OTHR) ☐ Rule 12 Motion In Lieu Of Answer (MDLA) ☐ Sanctions (SANC) ☐ Set Aside (OTHR) ☐ Show Cause (SHOW) ☐ Transfer (TRFR) ☐ Third Party Complaint *(list Third Party Defendants on back)* (TPCL) ☐ Vacate/Modify Judgment (VCMD) ☐ Withdraw As Counsel (WDCN) ☐ Other *(specify and list each separately)* | | |

**NOTE:** *All filings in civil actions shall include as the first page of the filing a cover sheet summarizing the critical elements of the filing in a format prescribed by the Administrative Office of the Courts, and the Clerk of Superior Court shall require a party to refile a filing which does not include the required cover sheet. For subsequent filings in civil actions, the filing party must include either a General Civil (AOC-CV-751), Motion (AOC-CV-752), or Court Action (AOC-CV-753) cover sheet.*

(Over)

AOC-CV-751, Rev. 3/19, © 2019 Administrative Office of the Courts

Case 3:21-cv-00266-FDW-DSC   Document 1-1   Filed 06/07/21   Page 1 of 12

| | **CLAIMS FOR RELIEF** | |
|---|---|---|
| ☐ Administrative Appeal (ADMA) | ☐ Limited Driving Privilege - Out-Of-State Convictions (PLDP) | ☐ Product Liability (PROD) |
| ☐ Appointment Of Receiver (APRC) | | ☐ Real Property (RLPR) |
| ☐ Attachment/Garnishment (ATTC) | ☐ Medical Malpractice (MDML) | ☐ Specific Performance (SPPR) |
| ☐ Claim And Delivery (CLMD) | ☐ Minor Settlement (MSTL) | ☐ Other *(specify and list each separately)* |
| ☐ Collection On Account (ACCT) | ☐ Money Owed (MNYO) | |
| ☐ Condemnation (CNDM) | ☒ Negligence - Motor Vehicle (MVNG) | |
| ☐ Contract (CNTR) | ☐ Negligence - Other (NEGO) | |
| ☐ Discovery Scheduling Order (DSCH) | ☐ Motor Vehicle Lien G.S. Chapter 44A (MVLN) | |
| ☐ Injunction (INJU) | ☐ Possession Of Personal Property (POPP) | |

Date: 5/6/21

Signature Of Attorney/Party: *[signature]*

**FEES IN G.S. 7A-308 APPLY**
Assert Right Of Access (ARAS)
Substitution Of Trustee (Judicial Foreclosure) (RSOT)
Supplemental Procedures (SUPR)

**PRO HAC VICE FEES APPLY**
Motion For Out-Of-State Attorney To Appear In NC Courts In A Civil Or Criminal Matter (Out-Of-State Attorney/Pro Hac Vice Fee)

| No. | ☐ Additional Plaintiff(s) |
|---|---|
| | |
| | |
| | |
| | |
| | |

| No. | ☐ Additional Defendant(s) | ☐ Third Party Defendant(s) | Summons Submitted |
|---|---|---|---|
| | | | ☐ Yes ☐ No |
| | | | ☐ Yes ☐ No |
| | | | ☐ Yes ☐ No |
| | | | ☐ Yes ☐ No |
| | | | ☐ Yes ☐ No |

*Plaintiff(s) Against Whom Counterclaim Asserted*



*Defendant(s) Against Whom Crossclaim Asserted*



AOC-CV-751, Side Two, Rev. 3/19
© 2019 Administrative Office of the Courts

| STATE OF NORTH CAROLINA | File No. 21 CVS 7253 |
|---|---|
| Mecklenburg County | In The General Court Of Justice<br>☐ District  ☒ Superior Court Division |

| Name Of Plaintiff | |
|---|---|
| Stephanie C. Wood | |
| Address | **CIVIL SUMMONS** |
| C/o: The Olive Law Firm, PA; P.O. Box 31515 | ☐ ALIAS AND PLURIES SUMMONS (ASSESS FEE) |
| City, State, Zip | |
| Charlotte        NC        28231 | |
| **VERSUS** | G.S. 1A-1, Rules 3 and 4 |
| Name Of Defendant(s) | Date Original Summons Issued |
| Aaron Kent, III | |
| | Date(s) Subsequent Summons(es) Issued |
| Western Express, Inc. | |

**To Each Of The Defendant(s) Named Below:**

| Name And Address Of Defendant 1 | Name And Address Of Defendant 2 |
|---|---|
| | Western Express, Inc. |
| Aaron Kent, III | C/o Agent for Service: Roland M. Lowell |
| 1990 Resting Creek Drive | 7135 Centennial Place |
| Decatur        GA        30035 | Nashville        TN        37209 |

**IMPORTANT! You have been sued! These papers are legal documents, DO NOT throw these papers out! You have to respond within 30 days. You may want to talk with a lawyer about your case as soon as possible, and, if needed, speak with someone who reads English and can translate these papers!**

**¡IMPORTANTE! ¡Se ha entablado un proceso civil en su contra! Estos papeles son documentos legales. ¡NO TIRE estos papeles!**

**Tiene que contestar a más tardar en 30 días. ¡Puede querer consultar con un abogado lo antes posible acerca de su caso y, de ser necesario, hablar con alguien que lea inglés y que pueda traducir estos documentos!**

**A Civil Action Has Been Commenced Against You!**

You are notified to appear and answer the complaint of the plaintiff as follows:

1. Serve a copy of your written answer to the complaint upon the plaintiff or plaintiff's attorney within thirty (30) days after you have been served. You may serve your answer by delivering a copy to the plaintiff or by mailing it to the plaintiff's last known address, and
2. File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

| Name And Address Of Plaintiff's Attorney (if none, Address Of Plaintiff) | Date Issued 5.6.21 | Time 1:16  ☐ AM ☒ PM |
|---|---|---|
| Lee Olive, Esq. | | |
| The Olive Law Firm, PA | Signature | |
| P.O. Box 31515 | | |
| Charlotte        NC        28231 | ☒ Deputy CSC   ☐ Assistant CSC   ☐ Clerk Of Superior Court | |

| ☐ ENDORSEMENT (ASSESS FEE) | Date Of Endorsement | Time  ☐ AM ☐ PM |
|---|---|---|
| This Summons was originally issued on the date indicated above and returned not served. At the request of the plaintiff, the time within which this Summons must be served is extended sixty (60) days. | Signature | |
| | ☐ Deputy CSC   ☐ Assistant CSC   ☐ Clerk Of Superior Court | |

**NOTE TO PARTIES:** *Many counties have **MANDATORY ARBITRATION** programs in which most cases where the amount in controversy is $25,000 or less are heard by an arbitrator before a trial. The parties will be notified if this case is assigned for mandatory arbitration, and, if so, what procedure is to be followed.*

(Over)

AOC-CV-100, Rev. 4/18
© 2018 Administrative Office of the Courts

## RETURN OF SERVICE

I certify that this Summons and a copy of the complaint were received and served as follows:

### DEFENDANT 1

| Date Served | Time Served ☐ AM ☐ PM | Name Of Defendant |
|---|---|---|
| | | |

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

*Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)*

☐ Other manner of service *(specify)*

☐ Defendant WAS NOT served for the following reason:

### DEFENDANT 2

| Date Served | Time Served ☐ AM ☐ PM | Name Of Defendant |
|---|---|---|
| | | |

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

*Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)*

☐ Other manner of service *(specify)*

☐ Defendant WAS NOT served for the following reason:

| Service Fee Paid $ | Signature Of Deputy Sheriff Making Return |
|---|---|
| Date Received | Name Of Sheriff (type or print) |
| Date Of Return | County Of Sheriff |

AOC-CV-100, Side Two, Rev. 4/18
© 2018 Administrative Office of the Courts

STATE OF NORTH CAROLINA FILED    IN THE GENERAL COURT OF JUSTICE
                                  SUPERIOR COURT DIVISION
MECKLENBURG COUNTY                21 CVS 7253
            2021 MAY -6 P 1: 16

STEPHANIE C. WOOD,  MECKLENBURG CO. C.S.C.

                 Plaintiff, | **COMPLAINT WITH JURY DEMAND AND WITH PLAINTIFF'S FIRST INTERROGATORIES, FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS ATTACHED**

v.

WESTERN EXPRESS, INC., and AARON KENT III

                 Defendants.

## STATEMENT OF FACTS AND JURISDICTION

The plaintiff, complaining of the defendants, alleges and says:

1. Plaintiff Stephanie C. Wood is a citizen and resident of Mecklenburg County, North Carolina.

2. Defendant Western Express, Inc., hereinafter sometimes referred to as "Defendant Western Express", is a corporation authorized and existing under the laws of the State of Tennessee, with its principal address located at 7135 Centennial Place, Nashville, TN 37209.

3. Defendant Aaron Kent III, hereinafter sometimes referred to as "Defendant Kent", is a citizen and resident of the State of Georgia, with his principal residence located at 1190 Resting Creek Drive, Decatur, Georgia, 30035.

4. On August 3, 2018, at approximately 5:20 p.m., Defendant Kent was operating a 2018 Great Dane tractor-trailer truck, VIN # 1GRAP0628JK132931, on I-85 S in Cleveland County, North Carolina.

5. The subject truck was owned by Wells Fargo Equipment Finance, Inc.

6. On or about the above-mentioned time and place, Defendant Kent was operating

the subject truck within the course and scope of his employment with Defendant Western Express.

7. On or about the above-mentioned time and place, Defendant Kent was operating the subject truck with the express and/or implied permission of the Defendant Western Express.

8. On or about the above-mentioned time and place, Defendant Kent was operating the subject truck in furtherance of the business interests of the Defendant Western Express.

9. On or about the above-mentioned time and place, Defendant Kent was an agent and/or joint venture partner with the Defendant Western Express.

10. On or about the above-mentioned time and place, Defendant Kent was operating the subject truck within the course and scope of his agency and/or joint venture partnership with Defendant Western Express.

11. On August 3, 2018, at approximately 5:20 p.m., Plaintiff was operating a 2018 Mercedes-Benz vehicle, VIN # WDDSJ4EB4JN517576, on I-85 S in Cleveland County, North Carolina.

12. One or two wheels from the subject truck operated by Defendant Kent detached from the subject truck and collided with the 2018 Mercedes-Benz vehicle being operated by Plaintiff, causing the subject incident.

13. The subject incident was the proximate result of the negligent conduct of the defendants as complained of herein.

14. As a proximate result of the incident that is the subject of this litigation, Plaintiff suffered serious, permanent, and catastrophic injuries, thus causing her to suffer physical pain and mental anguish.

15. As a proximate result of the incident that is the subject of this litigation, Plaintiff

2

Case 3:21-cv-00266-FDW-DSC   Document 1-1   Filed 06/07/21   Page 6 of 12

has become obligated for the payment of substantial sums of money for medical treatment, such to include future medical treatment.

16. As a proximate result of the incident that is the subject of this litigation, Plaintiff is and was unable to work, resulting in loss of earnings or earning capacity.

17. As a proximate result of the incident that is the subject of this litigation, Plaintiff has suffered additional damages to include permanency, loss of use of part of her body, and scarring.

18. Following the incident, Defendant Kent was cited and ultimately pled responsible for Failure To Secure Load To Prevent It From Falling, Blowing, Dropping, Sifting, Leaking, or Otherwise Escaping From The Trailer (N.C.G.S. § 20-116(G)).

## **FIRST CLAIM FOR RELIEF- NEGLIGENT CONDUCT OF DEFENDANT KENT**

19. Paragraphs 1 through 18 of this Complaint are incorporated as if fully set forth herein.

20. On August 3, 2018, at approximately 5:20 p.m., Defendant Kent owed a duty to those lawfully on the roadway, including but not limited to Plaintiff, to operate and maintain the truck in a reasonable and safe manner.

21. On August 3, 2018, at approximately 5:20 p.m, Defendant Kent operated and maintained the truck in a negligent manner, endangering the lives of those lawfully on the roadway, including but not limited to Plaintiff.

22. Defendant Kent was negligent in that he:

 a. Drove the subject truck carelessly and heedlessly in willful or wanton disregard of the rights and safety of others in violation of N.C.G.S. § 20-140;

3

b. Drove the subject truck without due caution and circumspection and in a manner so as to endanger or be likely to endanger person or property in violation of N.C.G.S. § 20-140;

c. Drove carelessly and heedlessly in willful or wanton disregard of the rights or safety of others in violation of N.C.G.S. § 20-141.6;

d. Negligently failed to maintain the subject truck under proper control;

e. Negligently failed to operate the subject truck in accordance with North Carolina laws, ordinances, and regulations, in violation of 49 C.F.R. § 392.2;

f. Negligently failed to operate the subject truck in accordance with North Carolina laws, ordinances, and regulations, in violation of 49 C.F.R. § 392.7

g. Negligently failed to operate the subject truck in accordance with North Carolina laws, ordinances, and regulations, in violation of 49 C.F.R. § 392.9;

h. Negligently operated the subject truck in violation of 49 C.F.R. Part 395;

i. Negligently operated the subject truck in violation of 49 C.F.R. §§ 325-399;

j. Negligently failed to maintain the subject truck, including the wheels of the truck, in a safe condition;

k. Negligently failed to properly install the wheels of the subject truck;

l. Negligently failed to secure the load of the subject truck to prevent it from falling, blowing, dropping, sifting, leaking, or otherwise escaping from the trailer in violation of G.S. 20-116(G); and

m. Was negligent in such other ways as will be determined through discovery and proven at trial.

4

23. The above-described acts and omissions of Defendant Kent are imputed by law to Defendant Western Express.

24. As a proximate result of the negligent conduct of Defendant Kent, jointly and severally with all other Defendants, Plaintiff suffered serious, permanent, and catastrophic injuries.

25. As a direct and proximate result of the negligent conduct of Defendant Kent, jointly and severally with all other Defendants, Plaintiff is entitled to recover from Defendant Kent, jointly and severally with all other Defendants, an amount to be determined, but in any event greater than $25,000.00.

## SECOND CLAIM FOR RELIEF – VICARIOUS LIABILITY OF DEFENDANT WESTERN EXPRESS.

26. Paragraphs 1 through 25 of this Complaint are reincorporated herein by reference.

27. At all relevant times, Defendant Kent was an employee of the Defendant Western Express.

28. At all relevant times, Defendant Kent was operating the subject motor vehicle within the course and scope of his employment with Defendant Western Express.

29. At all relevant times, Defendant Kent was an agent of Defendant Western Express.

30. At all relevant times, Defendant Kent was acting in furtherance of the interests of the Defendant Western Express.

31. At all relevant times, Defendant Kent was operating the subject truck with the express and/or implied permission of the Defendant Western Express., and in furtherance of the business interests of the Defendant Western Express.

32. Defendant Western Express is therefore vicariously liable for the negligent conduct

5

of Defendant Kent complained of herein.

33. Plaintiff is entitled to recover from Defendant Western Express, jointly and severally with all other Defendants, an amount to be determined by a jury, but in any event exceeding $25,000.00.

## THIRD CLAIM FOR RELIEF- INDEPENDENT NEGLIGENT CONDUCT BY DEFENDANT WESTERN EXPRESS, INC.

34. Paragraphs 1 through 33 of this Complaint are reincorporated herein by reference.

35. Defendant Western Express, owed a duty to others lawfully on the roadway, including but not limited to Plaintiff, to reasonably hire, retain, train, supervise, and terminate its employees, drivers, and/or agents, including but not limited to Defendant Kent.

36. Defendant Western Express owed a duty to others lawfully on the roadway, including but not limited to Plaintiff to implement policies, procedures, guidelines, and standards necessary to reasonably protect such persons from harm caused by its operations and those operating trucks on its behalf.

37. Defendant Western Express was further independently negligent in that Defendant Western Express:

    a. Negligently hired Defendant Kent;

    b. Negligently entrusted the subject commercial motor vehicle to Defendant Kent;

    c. Negligently failed to implement necessary guidelines, procedures, and standards in the hiring of truck drivers to ensure that individuals who would pose an unreasonable risk to those lawfully on the roads of the State of North Carolina would not operate motor vehicles on its behalf;

    d. Negligently failed to reasonably train Defendant Kent;

6

e. Negligently failed to reasonably supervise Defendant Kent;

f. Negligently failed to implement necessary guidelines, procedures, and standards in the hiring, retaining, training, and supervision of truck drivers to ensure that its employees, agents, joint venture partners, and those operating commercial trucks on its behalf, including but not limited to Defendant Kent, would drive in a lawful and reasonably safe manner;

g. Negligently aided Defendant Kent's violations of 49 C.F.R. § 325-399, complained of above;

h. Negligently abetted Defendant Kent's violations of 49 C.F.R. § 325-399, complained of above;

i. Negligently encouraged Defendant Kents's violations of 49 C.F.R. § 325-399, complained of above;

j. Negligently required Defendant Kent's violations of 49 C.F.R. § 325-399, complained of above;

k. Negligently coerced Defendant Kent's violations of 49 C.F.R. § 325-399, complained of above;

l. Negligently retained Defendant Kent; and

m. Was negligent in such other manner as will be determined through discovery and proven at trial.

38. As a proximate result of the negligent conduct of Defendant Western Express, jointly and severally with all other Defendants, Plaintiff suffered serious, permanent, and catastrophic injuries.

7

Case 3:21-cv-00266-FDW-DSC   Document 1-1   Filed 06/07/21   Page 11 of 12

39. As a direct and proximate result of the negligent conduct of Defendant Western Express, jointly and severally with all other Defendants, Plaintiff is entitled to recover from Defendant Western Express, jointly and severally with all other Defendants an amount in excess of $25,000.00.

WHEREFORE, the Plaintiff prays for relief as follows:

1. She have and recover against the Defendants, jointly and severally, actual damages, including damages for medical expenses, lost wages, pain and suffering, permanency, scarring and loss of use of part of her body, in an amount to be determined, but in any event an amount in excess of $25,000.00, pursuant to Rule 8(a) of the North Carolina Rules of Civil Procedure;

2. She have and recover from Defendants, jointly and severally, interest as provided by law;

3. She have and recover from Defendants, jointly and severally, costs as provided by law;

4. That all issues of fact be tried by a jury; and

5. She have and recover any other relief which this Court determines to be equitable and proper.

This the 6 day of May, 2021.

*/s/ Lee Olive*
Lee Olive
NC State Bar # 16979
P.O. Box 31515
Charlotte, NC 28231
Phone: 704-377-9222
Fax: 704-377-9222
*Attorney for Plaintiff*